orig to judge KSC

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 29 2011

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

McCORRISTON MILLER MUKAI MacKINNON LLP

RANDALL K. SCHMITT     #3752-0
schmitt@m4law.com
JORDON J. KIMURA       #9182-0
kimura@m4law.com
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai'i 96813
Telephone: (808) 529-7300
Facsimile: (808) 524-8293

RECEIVED
CLERK U.S. DISTRICT COURT
MAR 16 2011
10:45
DISTRICT OF HAWAII

Attorneys for Plaintiffs
DENNIS A. MARKOS and
CAROL J. MARKOS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DENNIS A. MARKOS and CAROL J. MARKOS,<br><br>Plaintiffs,<br><br>vs.<br><br>BEN ALVORD; FIVE MOUNTAIN CONSTRUCTION LLC; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; and DOE ENTITIES 1-20,<br><br>Defendants. | CIVIL NO. 10-00743 JMS/KSC<br>(Contract)<br><br>~~PROPOSED~~ FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANTS BEN ALVORD AND FIVE MOUNTAIN CONSTRUCTION, LLC, FILED FEBRUARY 3, 2011<br><br><u>Hearing re: Motion for</u><br><u>Entry of Default Judgment</u><br><br>Date: March 15, 2011<br>Time: 10:45 a.m.<br>Judge: Hon. Kevin S. C. Chang<br><br>[RELATED TO DOCKET # 8] |

# ~~PROPOSED~~ FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANTS BEN ALVORD AND FIVE MOUNTAIN CONSTRUCTION, LLC, FILED FEBRUARY 3, 2011

Plaintiffs Dennis A. Markos and Carol J. Markos (collectively, "Plaintiffs" or "Owner") filed this action for damages against Defendants Ben Alvord ("Alvord") and Five Mountain Construction LLC ("Five Mountain") (collectively, "Defendants"), alleging that they materially breached a May 27, 2009 Construction Management Agreement ("Agreement") for renovations of Plaintiffs' existing home located at Lot 16 in the Villas at Mauna Kea, a multi-unit development on the Kohala Coast, Island and County of Hawai‘i, State of Hawai‘i ("Property"). Under Paragraph 2 of the Agreement, Alvord acted on behalf of Five Mountain, and "in all respects [was] responsible for the management of the Project and the performance of [the] Agreement by [Five Mountain]."

Plaintiffs claimed that pursuant to Paragraph 6.1 of the Agreement, "[e]ach application for payment shall contain sufficient detail so as to permit Owner, and at Owner's discretion Architect, to determine the nature of the work performed and the manner in which the application for payment is calculated for [Five Mountain] and for every subcontractor and supplier who is to receive payment under the application." Plaintiffs claimed that, pursuant to their careful financial records of work completed, including receipts for materials and subcontractor payments, Plaintiffs reconciled their account and found gross discrepancies between the

amount they paid to Defendants and the amount actually due and owing. Plaintiffs further claimed that for the Project, Plaintiffs paid to Defendants a total of $902,255.24; however, the actual cost of work, including subcontractor fees, labor, materials, and Five Mountain's management fee was $778.530.13.

As a result, Plaintiffs filed their Complaint against the Defendants, which was served upon the Defendants on December 18, 2010. Upon service of the Complaint, Defendants failed to answer, or otherwise plead, and such time to answer or otherwise plead has expired.

Thereafter, on January 25, 2011, Plaintiffs requested that default be entered as to Defendants, and also on January 25, 2011, the Clerk of the Court made an entry of default.

On February 3, 2011, Plaintiffs filed a Motion for Entry of Default Judgment Against Defendants Ben Alvord and Five Mountain Construction, LLC ("Motion"), seeking $123,725.11 in principal owed, plus attorneys' fees and costs in the total amount of $4,341.71. Through the Supplemental Declaration of Jordon J. Kimura in Support of Plaintiffs Dennis A. Markos and Carol J. Markos' Motion for Entry of Default Judgment Against Defendants Ben Alvord and Five Mountain Construction, LLC, filed March 11, 2011, Plaintiffs amended the request for attorneys' fees and costs to the total amount of $3,893.32.

Plaintiffs' Motion came on for hearing on March 15, 2011 before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendants. Jordon J. Kimura appeared on Plaintiffs' behalf. Defendants failed to appear or respond to Plaintiffs' Motion.

## **FINDINGS**

Having reviewed Plaintiffs' Motion for Entry of Default Judgment Against Defendants Ben Alvord and Five Mountain Construction, LLC, the exhibits thereto, and the record established in this action, this Court finds as follows:

1. Plaintiffs are residents of the City of Madison, State of Wisconsin.

2. Alvord is a resident of the County of Hawai'i, State of Hawai'i and a licensed contractor.

3. Five Mountain is a limited liability company with its principle place of business in the County of Hawai'i, State of Hawai'i.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(a)(1) because Defendants resides in this judicial district, as that term is defined in sub-sections 1391(b) and (c).

6. Plaintiffs own an existing home located at Lot 16 in the Villas of Mauna Kea, a multi-unit development at the Kohala Coast, Island and County of Hawai'i, State of Hawai'i ("Property").

7. On or around May 27, 2009, Plaintiffs and Defendants entered into a Construction Management Agreement ("Agreement") for the renovations of the Property according to certain plans and specifications.

8. Under Paragraph 2 of the Agreement, Alvord acted on behalf of Five Mountain, and "in all respects [was] responsible for the management of the Project and the performance of [the] Agreement by [Five Mountain]."

9. Paragraph 6 of the Agreement explained the payment procedures between Plaintiffs, Defendants, and Defendants' subcontractors.

10. Pursuant to Paragraph 6.1 of the Agreement, "[e]ach application for payment shall contain sufficient detail so as to permit Owner, and at Owner's discretion Architect, to determine the nature of the work performed and the manner in which the application for payment is calculated for [Five Mountain] and for every subcontractor and supplier who is to receive payment under the application."

11. Defendants sent monthly pay applications for payment to Plaintiffs between March 2009 and April 2010.

12. Several of Defendants' monthly application for payments included gross overcharges for work completed and materials purchased, and duplicate charges from previous months.

13. Plaintiffs paid each monthly application for payment, in full and on time.

14. Plaintiffs kept careful financial records of work completed, including receipts for materials and subcontractor payments. Following payments to Defendants, Plaintiffs reconciled their account and found gross discrepancies between the amount they paid to Defendants and the amount actually due and owing.

15. The total amount sent to Plaintiffs to Defendants pursuant to the monthly applications for payment was $902,255.24.

16. The actual cost of work on the Project, including subcontractor fees, labor, materials, and Five Mountain's management fee, was $778,530.13.

17. Plaintiffs therefore overpaid Defendants $123,725.11.

18. Despite multiple demands by Plaintiffs, Defendants have not returned the overpayment of $123,725.11.

19. Based upon the record before the Court, there is now known to be due, owing, and unpaid to Plaintiffs from Defendants, the total amount of $127,618.43, inclusive of attorneys' fees and costs in the amount of $3,893.32,

together with ten percent (10%) statutory post-judgment interest thereon until satisfaction of judgment.

## **RECOMMENDATION**

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment be entered in favor of Plaintiffs and against Defendants in the total amount of $126,843.39 ~~$127,618.43~~, inclusive of attorneys' fees and costs in the amount of $3,118.28 ~~$3,893.32~~, together with ten percent (10%) statutory post-judgment interest thereon until satisfaction of judgment.

MAR 29 2011

*[signature]*

KEVIN S.C. CHANG
United States Magistrate Judge

---
*Dennis A. Markos, et al. v. Ben Alvord, et al.*; Civil No. 10-00743 JMS/KSC; ~~PROPOSED~~ FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANTS BEN ALVORD AND FIVE MOUNTAIN CONSTRUCTION, LLC, FILED FEBRUARY 3, 2011