IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS A. MARKOS; CAROL J. MARKOS,<br><br>      Plaintiffs,<br><br>  vs.<br><br>BEN ALVORD; FIVE MOUNTAIN CONSTRUCTION LLC; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ENTITIES 1-20,<br><br>      Defendants. | CIVIL NO. 10-00743 JMS-KSC<br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANT BEN ALVORD BE HELD IN CONTEMPT |

FINDINGS AND RECOMMENDATION THAT
DEFENDANT BEN ALVORD BE HELD IN CONTEMPT

On May 18, 2011, the Court issued an Order for Examination of Judgment Debtor Ben Alvord, wherein the Court directed Mr. Alvord to appear before this Court on June 24, 2011, to be examined individually and as the principal in charge of Defendant Five Mountain Construction, and to bring all books, papers, records and documents he has tending to show the financial affairs of the property owned by himself and Five

Mountain.  Mr. Alvord failed to appear at the June 24, 2011 Judgment Debtor Examination.  Consequently, the Court issued an Order to Show Cause why Mr. Alvord should not be held in contempt for failure to appear at the judgment debtor examination, and directed him to appear on July 22, 2011.  The Court advised Mr. Alvord that should he be held in contempt, he may be subject to sanctions, including but not limited to monetary fines and imprisonment.  Mr. Alvord failed to appear at the OSC hearing.  Accordingly, the Court recommends that he be held in contempt.

Civil contempt occurs when a party disobeys a specific and definite court order by failing to take all reasonable steps within the party's power to comply.  In re Dual-Deck Video Cassette Recorder Antitrust, 10 F.3d 693, 695 (9th Cir. 1993).  District courts have "wide latitude in determining whether there has been contemptuous defiance of its order."  Hook v. Ariz. Dep't of Corrections, 107 F.3d 1397, 1403 (9th Cir. 1997).  Contempt "'need not be willful,' and there is no good faith exception to the requirement of

obedience to a court order." In re Dual-Deck, 10 F.3d at 695 (quoting In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir. 1987)). The party moving for a finding of civil contempt must demonstrate by clear and convincing evidence that the alleged contemnor violated the court's order, and "a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the [court's order].'" Id. (alteration in original) (quotations and citations omitted); Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982).

"'Substantial compliance" with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." In re Dual Deck, 10 F.3d at 695 (citations omitted); Gen. Signal Corp v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986) (citing Vertex, 689 F.2d at 891-92) (If a defendant has taken "all reasonable steps" to comply with the court order, technical or inadvertent violations of the order

3

will not support a finding of civil contempt). "Ability to comply is the crucial inquiry, and 'a court should weigh all the evidence properly before it determines whether or not there is actually a present ability to obey.'" United States v. Ayers, 166 F.3d 991, 994 (9th Cir. 1999) (quoting United States v. Drollinger, 80 F.3d 389, 393 (9th Cir. 1996)).

Here, Mr. Alvord disobeyed the Order for Examination and the OSC and took no steps to comply with either Order. Given this Court's finding of contempt, it is both necessary and reasonable to impose sanctions.

The court employs civil contempt sanctions "for two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992) (citing United States v. United Mine Workers of America, 330 U.S. 258, 303-04 (1947)). If a sanction is imposed for the purpose of coercing the contemnor, "the court must, in determining the size and duration

of the sanction, 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" Id. (quoting United Mine Workers, 330 U.S. at 304).

A court may award fines as a compensatory sanction, but such "awards are limited to 'actual losses sustained as a result of the contumacy.'" Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986) (citation omitted); see also United Mine Workers, 330 U.S. at 304 (stating that a compensatory fine must "be based upon evidence of complainant's actual loss"). Courts also have the power to order imprisonment. Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1250 (9th Cir. 2006). "A close analogy to coercive imprisonment is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order. Like civil imprisonment, such fines exert a constant coercive pressure." Id. (quoting Int'l Union,

5

United Mine Workers v. Bagwell, 512 U.S. 821, 829 (1994)) (quotations omitted).

In the present the case, the Court recommends that the district court impose both coercive and compensatory sanctions. As a coercive sanction, the Court recommends that the district court impose a $25.00 fine, due per calendar day, until Mr. Alvord fully complies with the Order for Examination by making himself available for examination, along with books, papers, and records he has showing or tending to show the financial affairs of property owned by himself and Five Mountain, or satisfactorily explains why he is unable to do so.

The Court further recommends that Plaintiffs be awarded reasonable fees and costs as a compensatory sanction. Plaintiffs' counsel shall submit a declaration in conformance with Local Rule 54.3(d) setting forth the reasonable fees and costs incurred in connection with the judgment debtor examination and OSC hearing. Following the submission of Plaintiffs'

counsel's declaration, the Court will issue a supplemental findings and recommendation regarding the amount of fees and costs to be awarded to Plaintiffs.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, July 22, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 10-00743 JMS-KSC; MARKOS, ET AL. V. ALVORD, ET AL.; FINDINGS AND RECOMMENDATION THAT DEFENDANT BEN ALVORD BE HELD IN CONTEMPT